**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

MUHAMMAD JALIL AFRIDI,

Plaintiff, pro se,

v.

UNITED STATES DEPARTMENT OF STATE,

MARCO RUBIO, in his official capacity as Secretary of State,

TAMMY BRUCE, in her official capacity as State Department Spokesperson,

Defendants.

Civil Action No. _____

Case: 1:25-cv-02118
Assigned To : Friedrich, Dabney L.
Assign. Date : 7/2/2025
Description: FOIA/Privacy Act (I-DECK)

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (Filed Pro Se)**

**I. INTRODUCTION**

1. Plaintiff brings this action to challenge the arbitrary, capricious, and unconstitutional denial and revocation of his access to State Department press briefings, where he has maintained a professional presence for over a decade.

2. Plaintiff seeks a declaratory judgment that Defendants' actions violate the First Amendment rights of free speech and press access, the Fifth Amendment Due Process Clause, and constitute impermissible viewpoint discrimination.

3. Plaintiff further seeks injunctive relief restoring his credentials and prohibiting retaliatory exclusion from public press facilities.

**II. JURISDICTION AND VENUE**

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 2201, and 5 U.S.C. § 702, because this action arises under the U.S. Constitution and federal law.

5. Venue is proper in this District under 28 U.S.C. § 1391(e), as the Defendants reside in this District and the events occurred here.

**III. PARTIES**

RECEIVED

JUL 02 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

6.  Plaintiff Muhammad Jalil Afridi is a journalist and has served as Managing Editor of The Frontier Post for the past 27 years, a newspaper with longstanding operations in Pakistan and the United States.
7.  Plaintiff resides in Arlington, Virginia, and for the past ten years has regularly attended press briefings at the U.S. State Department, the Pentagon, and the White House in Washington, D.C., in his professional capacity as a credentialed journalist.
8.  Defendant United States Department of State is an executive agency responsible for foreign affairs and for credentialing members of the press.
9.  Defendant Marco Rubio is the U.S. Secretary of State.
10. Defendant Tammy Bruce is the official spokesperson of the State Department and oversees the briefing room and accreditation process.

**IV. FACTUAL BACKGROUND**

11. Plaintiff has been a professional journalist for more than 27 years, including 17 years reporting in Pakistan and over a decade reporting from Washington, D.C.
12. Plaintiff completed both high school and college education in the United States.
13. Plaintiff has no criminal history in the United States or any part of the world.
14. Plaintiff has been consistently accredited to attend State Department briefings, which he did regularly for over ten years without incident.
15. In recent years, Plaintiff has raised concerns in his reporting about human rights violations and the erosion of democratic governance in Pakistan.
16. Plaintiff's public statements and reporting align with the positions taken in at least two bipartisan congressional bills condemning such abuses.
17. In [month/year], Plaintiff's State Department press access was revoked or not renewed without written notice, justification, or process.
18. Defendants have failed to provide any explanation or evidence of disqualifying conduct.
19. On information and belief, Plaintiff's exclusion is based on his critical reporting and is therefore an act of viewpoint-based retaliation.
20. Plaintiff has suffered reputational damage, loss of access to public information, and interference with his ability to perform his journalistic duties.

## V. CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF THE FIRST AMENDMENT (Viewpoint Discrimination)

Defendants' actions constitute viewpoint-based exclusion from a public forum, in retaliation for Plaintiff's protected expression and journalistic activity.

### COUNT II – VIOLATION OF THE FIRST AMENDMENT (Freedom of the Press)

The revocation of access to press briefings infringes Plaintiff's right to gather news, in violation of the First Amendment guarantee of a free press.

### COUNT III – VIOLATION OF THE FIFTH AMENDMENT (Due Process)

Plaintiff was denied notice, explanation, and a meaningful opportunity to be heard, in violation of the Due Process Clause of the Fifth Amendment.

*COUNT IV – VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT*
Defendants' conduct is arbitrary, capricious, and contrary to law, in violation of the
Administrative Procedure Act, 5 U.S.C. §§ 701-706.

**VI. PRAYER FOR RELIEF**
- Declare that Defendants' actions violated the First and Fifth Amendments of the U.S.
  Constitution;
- Order Defendants to reinstate Plaintiff's press credentials and grant him equal access to
  State Department briefings;
- Enjoin Defendants from engaging in further retaliation or exclusion based on protected
  speech;
- Award Plaintiff costs and fees pursuant to 28 U.S.C. § 2412, if applicable;
- Grant such other relief as the Court deems just and appropriate.


Respectfully submitted,


Muhammad Jalil Afridi

3000 South Randolph Street, Apt 267

Arlington, VA 22206

jalilafridi@thefrontierpost.com    7/2/2025

(415) 370-4551

Pro Se Plaintiff

On June 24, 2025, after attending a press briefing at the U.S. State Department, Plaintiff was
confronted approximately one hundred feet outside the building by about six FBI officers
and one ICE officer. Plaintiff was handcuffed and placed into a government vehicle. Shortly
after, one of the FBI officers asked Plaintiff for his State Department hard pass, which was
then taken directly from his wallet. The vehicle then moved two blocks and remained idle
for several minutes. During this time, Plaintiff informed the officers that he is partially
handicapped and had previously suffered from encephalitis (brain swelling) during the
COVID-19 pandemic. Following this disclosure, the officers moved the handcuffs from
behind Plaintiff's back to the front. Plaintiff was then transferred to a facility in Chantilly,
Virginia, where an ICE officer conducted fingerprinting. Plaintiff informed the ICE officer
that his fingerprints had already been taken ten years ago. Following the fingerprinting,
Plaintiff was released. When Plaintiff asked the FBI officer how to retrieve his State
Department hard pass, he was advised to collect it from the State Department. The next day,
Plaintiff returned to the State Department and passed through the initial security
checkpoint. However, as he proceeded toward the media offices, he was stopped by two
individuals—one of whom identified himself as the Chief Security Officer of the State

Department. The officer informed Plaintiff that he was not allowed to enter the building. When Plaintiff inquired whether he was completely banned, the officer confirmed, 'Yes.' Since this incident, Plaintiff has made multiple attempts to contact the State Department's media office via email, but has received no response. Plaintiff asserts that this sequence of events, beginning with his detention and culminating in a de facto ban from the State Department, constitutes retaliation and viewpoint-based discrimination directly linked to his journalistic work and protected speech.

Defendants' failure to return Plaintiff's press credential following a ~~warrantless~~ detention by federal agents, and subsequent denial of access to the U.S. State Department premises without any formal charge, written explanation, or administrative procedure, constitutes a violation of Plaintiff's constitutional rights. These actions amount to an unlawful deprivation of liberty and property without due process, in violation of the Fifth Amendment. Further, the State Department's refusal to reinstate Plaintiff's access following this detention—despite Plaintiff's clean legal record, longstanding journalistic role, and physical disability—represents a form of retaliation for protected speech and press activity in violation of the First Amendment. This conduct also violates the Administrative Procedure Act by failing to follow transparent and lawful procedures in credential management.